IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| JEANNE KEMPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action File No. |
| ) | |
| vs. ) | |
| ) | |
| NORTHEAST GEORGIA MEDICAL ) | |
| CENTER, INC. ) | Jury Trial Demand |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

**COMES NOW** Plaintiff Candace Ballard ("Plaintiff" or "Kemper") and submits this Complaint against Defendant Northeast Georgia Medical Center, Inc. ("Defendant" or "NEGMC") based on the following allegations:

**(Parties, Jurisdiction and Venue)**

1.

This cause of action arises under the provisions of the Family Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq*. (hereinafter "FMLA") and the Americans with Disabilities Act, as amended (hereinafter "ADAA"), 42 U.S.C. § 12101 *et seq*.

2.

Plaintiff was and is a resident of the State of Georgia and the Northern District of Georgia at all times material to Plaintiff's employment relationship with Defendant.

3.

Defendant NEGMC is a domestic non-profit corporation operating in the state of Georgia. Defendant may be served through its Registered Agent for Process, Andrei Boyarshinov at 743 Spring St NE, Legal Department, Gainesville, Georgia 30501.

4.

Jurisdiction over the claims in this Complaint is conferred pursuant to 28 U.S.C. §§ 1331 and 1337.

5.

Jurisdiction and venue are proper in this judicial district.

**(FACTS)**

6.

Plaintiff was employed by Defendant as Lead IT Business Analyst from March 1, 2017 until she was terminated on January 10, 2019.

7.

Beginning in September 2018 Plaintiff was given a leave of absence from work due to extremely high blood pressure and what was believed to be a possible myocardial infarction that resulted in Plaintiff's hospitalization.

8.

Plaintiff's medical leave of absence was under the FMLA and was extended until November 26, 2018.

9.

On November 27, 2018, Plaintiff returned to work wand was given a written warning for not having completed a certification examination.

10.

In Defendant's written warning, Plaintiff was told that she would be required to complete the certification examination by December 7, 2018 or she would be fired.

11.

Due to her having just returned from leave, Plaintiff asked for additional time to be able to take the certification exam, but Defendant denied her request.

12.

On December 6, 2018, Plaintiff once again began experiencing extremely high blood pressure and heart palpitations that resulted in Plaintiff being taken for treatment to Defendant's own Occupational Health department as well as Plaintiff's own private medical provider for treatment on or about December 10, 2018.

13.

Plaintiff was on medical leave of absence from work once again, beginning on December 6, 2018.

14.

On December 11, 2018, while Plaintiff was at home on medical leave, Plaintiff was told by telephone that she would be terminated for not completing her certification testing on December 7, 2018. During this telephone call Plaintiff was also told not to return to the office, even once she was sufficiently recovered.

15.

Plaintiff was terminated on January 10, 2019 and was told that her termination was for the failure to take the December 7, 2018 certification examination.

## COUNT I

**(FMLA – INTERFERENCE)**

-5-

16.

Plaintiff respectfully reincorporates the allegations contained in the above paragraphs.

17.

At all times relevant, Defendant has employed 50 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

18.

Defendant is a covered employer and is subject to the provisions of the FMLA.

19.

Defendant interfered with Plaintiff's ability to use FMLA leave despite Plaintiff's eligibility for FMLA leave by preventing Plaintiff from obtaining long-term disability coverage and delaying Plaintiff's approval for FMLA leave.

20.

At the time of the acts alleged, Defendant knew or should have known that the means utilized to punish Plaintiff for requesting and or using FMLA leave were forbidden by law.

21.

Plaintiff was harmed as a direct result of Defendant's actions, which resulted in loss of pay, emotional pain and suffering and costs and attorney's fees.

## COUNT II

## (FMLA—RETALIATION)

22.

Plaintiff respectfully reincorporates the allegations contained in the above paragraphs.

23.

Defendant retaliated against Plaintiff by providing her with disciplinary action on the day of her return from FMLA leave in violation of the FMLA's anti-retaliation provisions.

24.

Defendant retaliated against Plaintiff by making the decision to terminate her within two weeks of her return from FMLA leave.

25.

At the time of the acts alleged, Defendant knew or should have known that the means utilized to punish Plaintiff for requesting and/or using FMLA leave were forbidden by law.

26.

Plaintiff was harmed as a direct result of Defendant's actions, which resulted in loss of pay, emotional pain and suffering and costs and attorney's fees.

## COUNT III

### (ADAA)

27.

Plaintiff respectfully reincorporates the allegations contained in the above paragraphs.

28.

At all times relevant, Defendant was an "employer" as defined in 42 U.S.C. § 12111(5).

29.

At all times relevant Plaintiff was a qualified individual with a disability or was perceived as having a disability as defined in 42 U.S.C. § 12111(8).

30.

Plaintiff's medical condition constituted a physical impairment that substantially limited one or more of her major life activities or was a perceived disability within the meaning of the ADAA.

31.

Defendant willfully or with reckless indifference violated the ADAA by refusing to make reasonable accommodations for Plaintiff's known or perceived disabilities and for terminating her on the basis of her known or perceived disabilities.

32.

Plaintiff has fulfilled all administrative prerequisites to filing this lawsuit, including filing charges with the EEOC within 180 days of the discriminatory event, and receiving her Right to Sue notice from the EEOC within 90 days of the filing of this action.

**WHEREFORE**, Plaintiff requests this Court:

(a)   Take jurisdiction of this matter;

(b)   Grant a trial by jury as to all matters properly triable to a jury;

(c)   Defendant be ordered to pay Plaintiff back pay, front pay, and liquidated damages in an amount to compensate Plaintiff for lost wages;

(d)   Defendant be ordered to compensate, reimburse, and make whole the Plaintiff for all the benefits she would have received had it not been for Defendant's illegal actions, including but not limited to pay, benefits, insurance costs, bonuses, raises, training, promotions, and seniority.  Plaintiff should be

accorded these illegally withheld benefits from the date Plaintiff was terminated until the date Defendant tenders substantially equivalent employment, with interest on the above withheld amounts to the date of payment;

(e) That Plaintiff recover costs and expenses of litigation including an award of reasonable attorney's fees.

(f) That Plaintiff recover prejudgment interest;

(g) Award any other such further relief this Court deems just, equitable and proper.

## JURY DEMAND

Plaintiff herein requests trial by jury of all issues in this action.

Dated: November 12, 2020.

**Keegan Law Firm, LLC**

/s/ *Jerilyn E. Gardner*
Jerilyn E. Gardner
Georgia Bar No. 139779
1827 Powers Ferry Road
Bldg. 25, Suite 100
Atlanta, Georgia 30339
(404) 842-0333 (Phone)
(404) 920-8540 (Fax)
jgardner@keeganfirm.com

**Counsel for Plaintiff**